ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ D. SANTIAGO TORRES  Peticionario  v.  YAUCO HEALTHCARE CORPORATION Y OTROS  Recurridos | KLCE202401240 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Caso Núm.: SJ2019CV11673  Sobre:  Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de febrero de 2025.

Mediante el recurso de *Apelación* presentado el 23 de octubre de 2024, el Sr. José D. Santiago Torres (en adelante: "Santiago Torres o peticionario") nos solicita que revisemos la *Minuta-Orden* emitida el 3 de octubre de 2024 y notificada el 7 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante: "TPI"). En esta, se expidió una orden para que el señor Santiago Torres mostrara causa, en un término de cinco (5) días, sobre las razones de su incomparecencia a la vista celebrada el 3 de octubre de 2024. Además, el TPI le advirtió que en caso de no cumplir, *"[s]e entenderá a la parte demandante en incumplimiento con lo ordenado por el Tribunal de Apelaciones y se estará emitiendo una resolución denegando la solicitud en la petición"*.

Acogemos el recurso incoado como un auto de *certiorari* por tratarse de la revisión de una orden interlocutoria, y ordenamos el cambio de materia y la asignación de su identificación alfanumérica.

Examinado el recurso ante nos, ***denegamos*** la expedición del auto de *certiorari*. **Veamos.**

**-I-**

Del recurso sometido y el expediente electrónico en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC) surge que,[1] el señor Santiago Torres presentó por derecho propio una *Demanda* en daños y perjuicios el **7 de noviembre de 2019**, contra las siguientes entidades: Yauco Healthcare Corporation y su Aseguradora de Responsabilidad Pública; el Hospital de Damas de Ponce y otros.

En el recurso presentado ante nos, el peticionario alegó que se le aplicó una Ley Núm. 408-2000,[2] conduciéndolo primero por días a un hospital no psiquiátrico (Hospital de Damas de Ponce), y varios días después a un centro psiquiátrico. Manifestó que en ese proceso fue inyectado involuntariamente, sedado y abusado, sufriendo laceraciones. Añadió que, posteriormente fue transferido al Hospital Metropolitano, donde fue mantenido luego de haber expirado las primeras 24 horas de la orden de ingreso involuntario bajo la citada Ley Núm. 408-2000.

El **3 de octubre de 2024**, el TPI celebró una vista y emitió una *MINUTA – ORDEN,* la cual notificó el **7 de octubre de 2024**.[3] En lo pertinente, el foro primario expresó:

> A la **VISTA**, celebrada de forma **PRESENCIAL**, comparecen la Lcdo. Gloria M. De Corral Hernández, en representación de la parte demandada Yauco Healthcare Corporation; la Lcdo. Litza J. Meléndez Reyes, junto al Lcdo. Víctor Torres Luna en representación de la parte codemandada Hospital de Domas de Ponce.
> El Tribunal explica la naturaleza de la vista y hace un breve resumen del tracto procesal del caso, haciendo constar que, se ha recibido una orden por parte del Tribunal de Apelaciones donde se debe realizar una vista evidenciaría para evaluar la solicitud de abogado de oficio de la parte demandante a través del cumplimiento de los requisitos necesarios para mostrar su indigencia.

---

[1] De conformidad con la facultad que nos concede la Regla 77(D)(2) de Reglamento de Tribunal de Apelación, 4 LPRA Ap. XXII-B, R.77(D)(2).

[2] Ley Núm. 408 de 2 de octubre de 2000, según enmendada, conocida como *Ley de Salud Mental de Puerto Rico*, 24 LPRA secs. 6152 *et seq.*

[3] Apéndice 1 del Peticionario.

> *A preguntas del Tribunal, el Alguacil informa que, la parte demandante, José D. Santiago Torres, no se encuentra presente en Sala ni se ha comunicado para excusarse.*
> *Hace referencia el Tribunal a Moción Solicitando Nuevo Señalamiento presentada por la parte demandante ya la Resolución emitida el 30 de septiembre de 2024, haciendo constar que la vista ha sido debidamente notificada según obra en el expediente.*
> *Luego de evaluar el expediente, el Tribunal expide Orden de Mostrar Causa a la parte demandante, el Sr. José D. Santiago Torres, para que exprese en el término de CINCO (5) DIAS, las razones de su incomparecencia a la vista del día de hoy. De no cumplir en el término, se entenderá a la parte demandante en incumplimiento con lo ordenando por el Tribunal de Apelaciones y se estará emitiendo una resolución denegando la solicitud en la petición.*
> *[…].*[4]

Inconforme con la determinación, el señor Santiago Torres presentó un recurso de apelación el **18 de octubre de 2024**, y señaló como único error que; *"[E]l Tribunal falta a la Constitución y al debido proceso de ley, negándole de su auto representación al demandante."* [sic]. Por tratarse de una resolución interlocutoria, el **13 de noviembre de 2024** acogimos el recurso de apelación como un auto de *certiorari.* Luego, el **20 de diciembre de 2024** dimos por sometido el asunto para la consideración del Panel Especial.

En el ínterin, el peticionario sometió el **7 de octubre de 2024** ante el foro de instancia una *Moción por Derecho Propio*, en la que manifestó:

> *(1) Que con fecha del 1 de octubre 2024 se expedio Orden señalando Vista para el 3 de octure de del2024 a las 3:00pm* [sic].
> *(2) Que dicha orden fue puesta en el correo federal y matasellada 2 de octubre de 2024.* [sic].
> *(3) Que llego a mis manos y […] del 3 de octubre.* [sic].[5]

Ante ello, el TPI emitió una *Orden* el **8 de octubre de 2024**, en la cual determinó:

> *En cumplimiento de la Sentencia del Honorable Tribunal de Apelaciones en el caso KLAN202400813, se señala Vista Presencial de reevaluación, si el peticionario es o no indigente como para sufragar un abogado que asuma la representación legal de este y lo auxilie en el reclamo civil que realiza.*
> *Se señala la misma para el próximo jueves 7 de noviembre de 2024 a las 11:00am de manera presencial.*[6]

---

[4] *Íd.*
[5] Apéndice 2 del Peticionario.
[6] *Véase*; Entrada Núm. 280 del caso SJ2019CV11673 en SUMAC.

Luego de varias incidencias procesales, el TPI ordenó el **7 de enero de 2025** la celebración de una vista evidenciaria para el 20 de febrero de 2025 con el fin de evaluar la solicitud de representación por derecho propio.[7]

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[8] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[9]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].[10]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*

---

[7] *Véase*; Entrada Núm. 308 del caso SJ2019CV11673 en SUMAC.
[8] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[9] *García v. Asociación,* 165 DPR 311, 321 (2005).
[10] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[11]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[12]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[13]

**-III-**

En su recurso, el señor Santiago Torres plantea que no está conforme con la *Minuta–Orden* notificada el 7 de octubre de 2024, mediante la cual se le ordenó en el término de cinco (5) días mostrara causa por su incomparecencia a la Vista celebrada el 3 de octubre de 2024.

No obstante, la decisión recurrida no versa sobre alguna de las materias contempladas en la citada Regla 52.1 de Procedimiento Civil, ni en la Regla 40 de nuestro Reglamento del Tribunal de Apelaciones, *supra*, que nos permita intervenir de manera discrecional.

---

[11] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[12] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[13] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

Cabe mencionar que, el **7 de enero de 2025**, el foro de instancia ordenó la celebración de una vista evidenciaria para el 20 de febrero de 2025, con el fin de evaluar la solicitud de representación por derecho propio del señor Santiago Torres.[14]

Por lo cual, resolvemos denegar la expedición del auto de *certiorari.*

**-IV-**

Por lo fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari de* epígrafe.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[14] *Véase*; Entrada Núm. 308 del caso SJ2019CV11673 en SUMAC.